IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANDREW C. NEAL, JR. II                                                          PETITIONER
SCDC #8600

V.                              CASE NO. 3:20-CV-357-BSM-BD

SHARP COUNTY SHERRIFF
DEPARTMENT                                                                      RESPONDENT

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Mr. Neal may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Neal does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Discussion:**

On November 6, 2020, Andrew C. Neal, Jr. II filed a *pro se* petition for writ of habeas corpus. (Doc. No. 1) In his petition, Mr. Neal states that he is in jail in Sharp County, Arkansas. He claims that his right to a speedy trial has been denied in violation of Arkansas Rule of Criminal Procedure 28 and the Sixth Amendment to the United

States Constitution. Mr. Neal seeks dismissal of all charges and immediate release from jail.

Mr. Neal's petition fails for several reasons. First, habeas corpus review focuses on whether the Constitution, laws, or treaties of the United States have been violated. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[F]ederal habeas corpus relief does not lie for errors of state law." *Id.* Mr. Neal's allegations that state authorities failed to comply with state rules of criminal procedure do not state a claim for relief in a federal habeas action.

Second, Mr. Neal's claim under the Sixth Amendment fails because he has not exhausted his state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973); *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). Mr. Neal does not allege that he has exhausted his state remedies; and, in reviewing his state docket sheet,[1] it does not appear that he has pursued those remedies. See *State v. Andrew Curtis Neal*, Case No. 68CR-19-135.[2]

Additionally, this Court must be "conscious of the need to prevent perversion of the habeas corpus jurisdiction into a pretrial-motion forum for prisoners." *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974). "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and

---

[1] The Court "may take judicial notice of proceedings in other courts that relate directly to matters at issue." *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007).

[2] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

conviction, even though the prisoner claims he is being held in violation of the Constitution." *Id.*

Mr. Neal was arrested in Sharp County, Arkansas, on June 24, 2019. See *State v. Neal*, Criminal Information, Case No. 68CR-19-135 (Aug. 16, 2019). He was later charged by a criminal information on one count each of failure to register as a sex offender and registered offender living near a prohibited place. *Id.* Mr. Neal's criminal trial has been continued five times. See *Neal*, Scheduling Order, Case No. 68CR-19-135 (Oct. 2, 2019; Jan. 6, 2020; Apr. 6, 2020; June 29, 2020; Oct. 13, 2020). Three continuances were at defense counsel's request; one was at the request of the prosecution; and one was due to the COVID-19 pandemic. Though Mr. Neal's jury trial was set for November 16, 2020, he was deemed not fit to proceed by an order entered on October 27, 2020 based on the results a psychological examination. *Id.*, Commitment Order, Case No. 68CR-19-135 (Oct. 27, 2020).

At the time Mr. Neal filed the instant habeas corpus petition, he had been in jail for over 16 months. These circumstances are not extraordinary enough to justify this Court's interference with the state's judicial proceedings. *Cf. Branden*, 410 U.S. at 489-92 (exercise of federal habeas jurisdiction warranted over speedy trial claim where indictment was over three years old; further delays in trial would prejudice petitioner's ability to defend himself and his opportunity for parole; and petitioner had fully exhausted state remedies). Additionally, the time when a criminal defendant is deemed not fit to proceed is excludable for speedy trial purposes in Arkansas courts. See *Newman v. Cottrell*, 2016 Ark. 413, 8, 503 S.W.3d 74, 79 (2016).

Summary dismissal of a habeas corpus petition – prior to a response or answer from the respondent – is appropriate where the petition itself and court records plainly show that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Habeas Corpus Cases. Mr. Neal has failed to exhaust his state court remedies and has not alleged sufficiently extraordinary circumstances to warrant federal action. Therefore, Mr. Neal's petition should be summarily dismissed, without prejudice.

### III.  Conclusion:

The Court recommends that Judge Miller DENY and DISMISS Andrew Neal's petition for writ of habeas corpus (Doc. No. 1), without prejudice.

DATED this 7th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE